**M. JOHN CARSON, CA Bar No. 41285**
jcarson@lrrc.com
**MICHAEL A. KOPLOW, CA Bar No. 285858**
mkoplow@lrrc.com
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
**655 N. Central Avenue, Suite 2300**
**Glendale, California 91203-1445**
**Telephone: (626) 795-9900**
**Facsimile: (626) 577-8800**

Attorneys for Plaintiff,
THE WINSFORD CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

THE WINSFORD CORPORATION,

Plaintiff,

vs.

AMERICAN TEX-CHEM CORPORATION, d/b/a AMTEX,

Defendant.

Case No. 5:16-cv-1938

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR:**

(1) FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114];
(2) FALSE DESIGNATION OF ORIGIN [15 U.S.C. § 1125(a)];
(3) UNFAIR COMPETITION [Cal. Bus. & Prof. Code § 17203];
(4) FALSE ADVERTISING [Cal. Bus. & Prof. Code § 17500];
(5) INFRINGEMENT OF REGISTERED TRADEMARK [Cal. Bus. & Prof. Code §§ 14245 and 14250];
(6) INTENTIONAL INTERFERENCE WITH EXISTING AND PROSPECTIVE BUSINESS RELATIONS
(7) COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

**DEMAND FOR JURY TRIAL**

655 North Central Avenue
Suite 2300
Glendale, California 91203-1445
Lewis Roca ROTHGERBER CHRISTIE

Lewis Roca ROTHGERBER CHRISTIE
655 North Central Avenue
Suite 2300
Glendale, California 91203-1445

Plaintiff The Winsford Corporation ("Plaintiff" or "Winsford") alleges as follows:

**PARTIES**

1. Plaintiff is a California corporation organized and existing under the laws of the State of California, having a principal place of business at 1800 Century Park East, Suite 820, Los Angeles, California 90067. Forbes Industries, Inc. ("Forbes") is an operating division of Winsford and is located at 1933 East Locust Street, Ontario, California 91761.

2. Plaintiff is informed and believes, and upon that basis alleges, that defendant American Tex-Chem Corporation d/b/a Amtex ("Defendant" or "Amtex") is a corporation organized and existing under the laws of the State of California having a principal place of business at 736 Inland Center Dr., San Bernardino, California 92408.

**JURISDICTION AND VENUE**

3. This is an action for federal trademark infringement under 15 U.S.C. § 1114, false designation of origin under 15 U.S.C. § 1125(a), unfair competition under Cal. Bus. & Prof. Code § 17203, false advertising under Cal. Bus. & Prof. Code § 17500, trademark infringement under Cal. Bus. & Prof. Code §§ 14245 and 14250, intentional interference with existing and prospective business relations, and for trademark infringement and unfair competition under California common law.

4. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) and (b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the federal claims that they form part of the same case or controversy.

5. This Court has personal jurisdiction over Defendant because Defendant is domiciled in this district and conducts business in this district,

655 North Central Avenue
Suite 2300
Glendale, California 91203-1445
Lewis Roca ROTHGERBER CHRISTIE

including business related to the claims in this action. For example, Defendant prominently advertises on its website that it is "[b]ased in Southern California" and is an "independently owned and expanding lodging supply company providing operational supplies and equipment to the hospitality industry and individual customers worldwide." Defendant further advertises that "[s]ince 1990 with more than 3 million orders shipped, our large stocked inventory and swift shipping make us the best value to fill your needs." Further, Defendant attends hospitality conferences in this district to advertise, promote, and sell its products, including the "Southern California Hotel & Lodging Conference," held on May 26, 2016 in Pomona, California. Print-outs of Defendant's website containing this information are attached hereto as **Exhibit A.**

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because Defendant resides in this judicial district, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district, and Defendant is subject to personal jurisdiction in this judicial district.

## GENERAL ALLEGATIONS

7. For decades prior to the acts complained of herein, Plaintiff has been continuously engaged in and has been well known for its manufacture, distribution and sale, throughout the United States, of a broad list of high quality hotel equipment.

8. At least as early as 1983, Forbes adopted and commenced use of a "birdcage" design trademark for the upper portion of its brass bellmans' carts (hereinafter referred to as the "Birdcage Design"). Forbes continuously manufactured and sold carts utilizing the Birdcage Design up to the date of the acquisition of Forbes by Winsford in April, 1985. Winsford has manufactured and sold such carts to the present date. Plaintiff currently uses its Birdcage Design for goods sold in interstate commerce.

9. Plaintiff's Birdcage Design is inherently distinctive and

Lewis Roca ROTHGERBER CHRISTIE
655 North Central Avenue
Suite 2300
Glendale, California 91203-1445

nonfunctional. Unlike traditionally shaped bellmans' carts, the upper portion of Plaintiff's bellmans' cart is curved to resemble the dome of a birdcage.

10. Winsford and Forbes have sold substantial quantities of the Birdcage Design brass bellmans' carts throughout the United States. Plaintiff has extensively promoted the Birdcage Design carts by distributing thousands of catalogs depicting the Birdcage Design cart. Those catalogs have been distributed to major hotels, independent distributors and design houses.

11. Plaintiff also attaches labels bearing the Birdcage Design mark to its shipping cartons containing these carts to promote its Birdcage Design trademark and to identify its Birdcage Design brass bellmans' carts as originating from a single source.

12. As a result of Plaintiff's extensive and substantial promotional and sales activities, and the maintenance of premium quality standards relating thereto, Plaintiff's Birdcage Design mark has become well and favorably known to purchasers as a distinctive indicator of the origin of such carts.

13. Plaintiff is the owner of all rights in and to United States Trademark Registration No. 1,682,820 for the Birdcage Design. The '820 registration is incontestable, and provides Plaintiff with the exclusive right to use the Birdcage Design in connection. A true and correct copy of Plaintiff's trademark registration of its Birdcage Design on the Principal Register of the United States Patent and Trademark Office, Reg. No. 1,682,820, is attached hereto as **Exhibit B**.

14. Plaintiff is also the owner of California Trademark Reg. No. 090,138 for the Birdcage Design. A true and correct copy of the Certificate of Registration of Trademark with the Office of the Secretary of State for the State of California Trademark Reg. No. 090,138, is attached hereto as **Exhibit C**.

15. On August 9, 2016, counsel for Plaintiff wrote to Defendant, informing them of Plaintiff's trademark rights in the Birdcage Design, and of

Plaintiff's belief that certain products for sale on Defendant's website infringe its Birdcage Design trademark. These products include bellmans' carts with bars having a design (the "Defendant's Design") that is substantially identical to Plaintiff's Birdcage design. The Defendant's Design was featured in carts bearing Item No. 2630035 on Defendant's website, titled "Bellman Cart Amtex Heavy Duty Brushed Nickel Fnsh." Plaintiff informed Defendant of Plaintiff's intention to enforce its trademark rights and demanded that Defendant cease and desist from infringing Plaintiff's Birdcage Design trademark within fourteen days. A true and correct copy of the August 9, 2016 letter is attached hereto as **Exhibit D**.

16. Defendant has verbally denied infringement.

17. Plaintiff is informed and believes, and upon that basis alleges, that despite Defendant's knowledge of Plaintiff's prior established rights in the Birdcage Design trademark, Defendant has been marketing and selling bellmans' carts bearing the Defendant's Design, whose designs are, or appear on Defendant's website to be, substantially indistinguishable from or confusingly similar to Plaintiff's Birdcage Design, distributing marketing and other advertising materials that depict such carts, and informing potential buyers and others in the hotel equipment industry of the availability of carts specifically designed to mimic Plaintiff's distinctive Birdcage Design. For example, in a page labeled "Carts Luggage" on Defendant's website, Defendant prominently offers the Defendant's Design for sale with a listed price and option for purchasing the cart directly from Defendant's website. Defendant's website also contains videos providing step-by-step instructions for ordering products offered for sale on the site, such as bellmans' carts with the Defendant's Design. Print-outs of Defendant's website containing this information are attached hereto as **Exhibit E.** Defendant also attends and sponsors numerous hospitality conferences throughout the year, in this district and all over the country, to advertise, promote, and sell its

Lewis Roca ROTHGERBER CHRISTIE
655 North Central Avenue
Suite 2300
Glendale, California 91203-1445

655 North Central Avenue
Suite 2300
Glendale, California 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

products by specifically targeting those in the hotel equipment industry. Such conferences include the Northern California Hotel & Lodging Conference, held on May 24, 2016, the Southern California Hotel & Lodging Conference, held on May 26, 2016, the 2016 La Quinta Conference, held on Feb. 28 to March 2, 2016, the 2016 Wyndham Hotel Group Global Conference, to be held on Sept. 9 to 15, 2016, and the 2016 Best Western Convention, to be held on Oct. 16 to 17, 2016, among many others. Defendant advertises its participation and sponsorship of such conferences in a page labeled "Events" on its website, as shown in **Exhibit A.**

18. Defendant's use of the Defendant's Design, which is substantially indistinguishable from or confusingly similar to Plaintiff's Birdcage Design, in the marketing and sale of bellmans' carts, shows that Defendant is trading on Plaintiff's goodwill, and is likely to cause confusion, or to cause mistake, or to deceive and therefore to mislead retailers, customers, lenders and the general public into believing that Defendant's products are the same quality as Plaintiff's bellmans' carts and are sponsored by or connected with Plaintiff.

19. Plaintiff is informed and believes, and upon that basis alleges, that unless enjoined by this Court, Defendant will continue to use the Defendant's Design to promote and sell its products into locations in California, in direct and unfair competition with Plaintiff.

**FIRST CLAIM FOR RELIEF**

(Federal Trademark Counterfeiting and Infringement)

[15 U.S.C. § 1114]

20. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

21. Defendant' use of the Defendant's Design in the marketing and sale of bellmans' carts is likely to cause confusion, or to cause mistake, or to deceive and therefore violate Plaintiff's federally registered trademark rights in Plaintiff's

655 North Central Avenue
Suite 2300
Glendale, California 91203-1445
Lewis Roca ROTHGERBER CHRISTIE

Birdcage Design, rendering Defendant liable for trademark counterfeiting and infringement pursuant to 15 U.S.C. § 1114.

22. Plaintiff is informed and believes, and upon that basis alleges, that Defendant had actual knowledge of Plaintiff's prior use and exclusive rights in its Birdcage Design trademark while Defendant was selling and marketing carts under the Defendant's Design, at least by Plaintiff's August 9, 2016 letter. Accordingly, Defendant has willfully and deliberately infringed Plaintiff's exclusive rights in Plaintiff's trademark, thereby rendering Defendant liable to Plaintiff for Defendant's profits, Plaintiff's costs of this action and Plaintiff's trebled damages, pursuant to 15 U.S.C. § 1117(a).

23. Further, through the marketing of bellmans' carts bearing the Defendant's Design that are substantially indistinguishable from Plaintiff's Birdcage Design carts, Defendant has willfully and deliberately counterfeited Plaintiff's trademark, thereby rendering Defendant liable to Plaintiff for up to $2,000,000.00, pursuant to 15 U.S.C. § 1117(c)(2).

24. Unless enjoined by this Court, Defendant will continue to counterfeit and infringe Plaintiff's Birdcage Design trademark by marketing and selling bellmans' carts using the Defendant's Design, thereby deceiving the public and causing Plaintiff immediate and irreparable damage for which Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**

(False Designation of Origin)

[15 U.S.C. § 1125(a)]

25. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

26. Defendant's use of the Defendant's Design in the marketing and sale of bellmans' carts constitutes a false designation of origin and false description likely to cause confusion, or to cause mistake, or to deceive as to the affiliation,

655 North Central Avenue
Suite 2300
Glendale, California 91203-1445
Lewis Roca ROTHGERBER CHRISTIE

connection, or association of Defendant with Plaintiff, in violation of 15 U.S.C. § 1125(a). Defendant has entered into commerce with a trademark substantially indistinguishable from or confusingly similar to that of Plaintiff's trademark.

27. Defendant's activities in soliciting business in the hotel equipment industry using the Defendant's Design constitutes an attempt by Defendant to profit from Plaintiff's reputation and goodwill from those likely to believe that Defendant's goods have the same characteristics or qualities of Plaintiff's goods.

28. Plaintiff is informed and believes, and upon that basis alleges, that Defendant's acts have been willful, wanton, malicious and oppressive or committed with a reckless disregard for the rights of Plaintiff. Plaintiff is therefore entitled to recover trebled damages suffered by Plaintiff as a result of Defendant's willful and deliberate acts, pursuant to 15 U.S.C. 1117(a).

29. Plaintiff has no adequate remedy at law and Defendant's unlawful conduct will continue to damage Plaintiff unless immediately enjoined by this Court.

**THIRD CLAIM FOR RELIEF**

(Unfair Competition)

[Cal. Bus. & Prof. Code § 17203]

30. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

31. Defendant's use of the Defendant's Design, which is substantially indistinguishable from or confusingly similar to Plaintiff's Birdcage Design, in the marketing and sale of bellmans' carts is highly likely to confuse and mislead customers, vendors and the general public upon whom Plaintiff is dependent for the success of its business.

32. Defendant's actions therefore constitute unfair and fraudulent business practices within the meaning of California Business and Professions Code Sections 17200, *et seq*.

Lewis Roca ROTHGERBER CHRISTIE
655 North Central Avenue
Suite 2300
Glendale, California 91203-1445

33. As a result of Defendant’s acts of unfair competition, Defendant has unfairly acquired or retained in an amount to be proven at trial, for which Plaintiff is entitled to restitution.

**FOURTH CLAIM FOR RELIEF**

(False Advertising)

[Cal. Bus. & Prof. Code § 17500]

34. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

35. Plaintiff is informed and believes, and upon that basis alleges, that Defendant and/or its agents and representatives are informing retailers, customers, vendors and the general public that Defendant is prepared to offer products whose designs are confusingly similar to or duplicative of Plaintiff’s Birdcage Design trademark, in a manner that is likely to mislead purchasers as to the origin of confusingly similar bellmans’ carts sold by Defendant.

36. Defendant’s conduct in this regard constitutes false advertising within the meaning of California Business and Professions Code Section 17500.

37. Plaintiff has no adequate remedy at law and Defendant’s unlawful conduct will continue to damage Plaintiff unless immediately enjoined by this Court.

**FIFTH CLAIM FOR RELIEF**

(Infringement of Registered Trademark)

[Cal. Bus. & Prof. Code §§ 12245, 14250]

38. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

39. Defendant’s commercial use of the Defendant’s Design, which is substantially indistinguishable from or confusingly similar to Plaintiff’s Birdcage Design, a registered trademark with the office of the Secretary of State for the State of California and under Title 15 of the United States Code, California

655 North Central Avenue
Suite 2300
Glendale, California 91203-1445
Lewis Roca ROTHGERBER CHRISTIE

Trademark Reg. No. 090,138, constitutes unlawful infringement of Plaintiff's registered Birdcage Design trademark within the meaning of California Business and Professions Code Sections 14245 and 14250.

40. Plaintiff has no adequate remedy at law and Defendant's unlawful conduct will continue to damage Plaintiff unless immediately enjoined by this Court.

**SIXTH CLAIM FOR RELIEF**

(Intentional Interference with Existing and Prospective Business Relations)

41. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

42. Plaintiff has had, and continues to have, existing and prospective business relations with retailers, customers, vendors and other individuals in the hotel equipment industry. Plaintiff has, and has had, a reasonable expectation of economic advantage from these relations through Plaintiff's previous experience and contacts in these areas, in that Plaintiff has prospered in the hotel equipment industry in the United States since approximately 1985.

43. Plaintiff is informed and believes, and upon that basis alleges, that Defendant is, and at all times relevant herein was, aware of Plaintiff's existing and prospective business relations with such individuals and entities in the hotel equipment industry, as well as Plaintiff's reasonable expectation of economic advantage flowing from such relations.

44. Plaintiff is informed and believes, and upon that basis alleges, that Defendant has engaged in the wrongful conduct alleged herein with the intent that such conduct would disrupt or prevent business relations between Plaintiff and other individuals and entities in the hotel equipment industry, thereby injuring Plaintiff's business.

45. Among other acts, Defendant knowingly, willfully and without

655 North Central Avenue
Suite 2300
Glendale, California 91203-1445
Lewis Roca ROTHGERBER CHRISTIE

justification began using the Defendant's Design in the marketing and sale of bellmans' carts that are substantially indistinguishable from those manufactured and sold by Plaintiff in accordance with Plaintiff's Birdcage Design trademark.

46. Plaintiff is informed and believes, and upon that basis alleges, that Defendant has knowingly, willfully and without justification, copied Plaintiff's Birdcage Design trademark with the intent to confuse or deceive the consuming public by selling bellmans' carts bearing designs substantially indistinguishable from or confusingly similar to Plaintiff's trademark.

47. Such actions were intended to damage Plaintiff's relationships with individuals and entities in the hotel equipment industry. Defendant's conduct, as complained of herein, is wrongful, unlawful, and unjustified.

48. Defendant's conduct has actually interfered with, and continues to interfere with, the existing and prospective business relationships between Plaintiff and other individuals and entities in the hotel equipment industry. But for Defendant's wrongful and unjustified interference, it is probable that Plaintiff would have received its expected economic advantage.

49. Defendant's acts, as complained of herein, were willful, wanton, malicious and oppressive, and were committed with a reckless disregard of Plaintiff's rights, and Plaintiff is therefore entitled to an award of exemplary and punitive damages.

**SEVENTH CLAIM FOR RELIEF**

(Common Law Trademark Infringement and Unfair Competition)

50. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

51. Defendant' use of the Defendant's Design in the marketing and sale of bellmans' carts is highly likely to confuse and mislead customers, vendors and the general public upon whom Plaintiff is dependent for the success of its business.

Lewis Roca ROTHGERBER CHRISTIE
655 North Central Avenue
Suite 2300
Glendale, California 91203-1445

52. Defendant's activities, as alleged above, constitute unfair methods of competition, common law trademark infringement, misappropriation of Plaintiff's goodwill in California and other states where Defendant's goods and services are being offered and/or advertised, including this district, and are a violation of the common law of California.

53. As a result of Defendant's deceptive acts and practices, and the resulting consumer confusion, Plaintiff has suffered and will continue to suffer irreparable injury to its business reputation and goodwill.

WHEREFORE, Plaintiff The Winsford Corporation prays judgment on its Complaint as follows:

**AS TO THE FIRST CLAIM FOR RELIEF**

1. For an order entering judgment that Defendant has infringed Plaintiff's exclusive rights in the Birdcage Design trademark under Section 32 of the Federal Trademark Act, 15 U.S.C. § 1114;

2. For an order preliminarily and permanently enjoining Defendant, its agents and representatives, and all persons acting in concert or participation with them, from using the Defendant's Design, and/or any substantially indistinguishable or confusingly similar design or other colorable imitation of Plaintiff's Birdcage Design trademark, in connection with the manufacture, distribution or sale of bellmans' carts or other related equipment nationwide;

3. For an order from the Court requiring that Defendant and all those in privity with it turn over to Plaintiff any goods and/or materials in Defendant's possession or control comprising or bearing the Defendant's Design or any design substantially indistinguishable therefrom or confusingly similar to the Plaintiff's Birdcage Design, or an order that all such goods and/or materials be destroyed, pursuant to 15 U.S.C. § 1118;

4. For compensatory damages exceeding $500,000, according to proof

Lewis Roca ROTHGERBER CHRISTIE
655 North Central Avenue
Suite 2300
Glendale, California 91203-1445

at trial and interest thereon;

5. For punitive and exemplary damages in the form of trebled damages and reasonable attorneys' fees; and

6. For statutory damages in the amount of $2,000,000.00 pursuant to 15 U.S.C. § 1117(c)(2).

**AS TO THE SECOND CLAIM FOR RELIEF**

7. For an order entering judgment that Defendant has infringed Plaintiff's exclusive rights in the Birdcage Design trademark under Section 43 of the Federal Trademark Act, 15 U.S.C. § 1125;

8. For an order preliminarily and permanently enjoining Defendant, its agents and representatives, and all persons acting in concert or participation with them, from using the Defendant's Design, and/or any substantially indistinguishable or confusingly similar design or other colorable imitation of Plaintiff's Birdcage Design trademark, in connection with the manufacture, distribution or sale of bellmans' carts or other related equipment nationwide;

9. For an order from the Court requiring that Defendant and all those in privity with it turn over to Plaintiff any goods and/or materials in Defendant's possession or control comprising or bearing the Defendant's Design or any design substantially indistinguishable therefrom or confusingly similar to the Plaintiff's Birdcage Design, or an order that all such goods and/or materials be destroyed, pursuant to 15 U.S.C. § 1118;

10. For compensatory damages exceeding $500,000, according to proof at trial and interest thereon; and

11. For punitive and exemplary damages in the form of trebled damages and reasonable attorneys' fees.

**AS TO THE THIRD CLAIM FOR RELIEF**

12. For an order entering judgment that Defendant has engaged in Unfair Competition within the meaning of Cal. Bus. & Prof. Code Section 17203;

655 North Central Avenue
Suite 2300
Glendale, California 91203-1445
Lewis Roca ROTHGERBER CHRISTIE

13. For an order preliminarily and permanently enjoining Defendant, its agents and representatives, and all persons acting in concert or participation with them, from using the Defendant's Design, and/or any substantially indistinguishable or confusingly similar design or other colorable imitation of Plaintiff's Birdcage Design trademark, in connection with the manufacture, distribution or sale of bellmans' carts or other related equipment nationwide;

14. For an order from the Court requiring that Defendant and all those in privity with it turn over to Plaintiff any goods and/or materials in Defendant's possession or control comprising or bearing the Defendant's Design, and/or any other design substantially indistinguishable from or confusingly similar to Plaintiff's Birdcage Design, or an order that all such goods and/or materials be destroyed, pursuant to Cal. Bus. & Prof. Code § 17203;

15. For compensatory damages exceeding $500,000, according to proof at trial and interest thereon; and

16. For punitive and exemplary damages in the form of trebled damages and reasonable attorneys' fees.

**AS TO THE FOURTH CLAIM FOR RELIEF**

17. For an order entering judgment that Defendant has engaged in False Advertising within the meaning of Cal. Bus. & Prof. Code Section 17500;

18. For an order preliminarily and permanently enjoining Defendant, its agents and representatives, and all persons acting in concert or participation with them, from using the Defendant's Design, and/or any substantially indistinguishable or confusingly similar design or other colorable imitation of Plaintiff's Birdcage Design trademark, in connection with the manufacture, distribution or sale of bellmans' carts or other related equipment nationwide;

19. For compensatory damages exceeding $500,000, according to proof at trial and interest thereon; and

20. For punitive and exemplary damages in the form of trebled damages

655 North Central Avenue
Suite 2300
Glendale, California 91203-1445
Lewis Roca ROTHGERBER CHRISTIE

and reasonable attorneys' fees.

**AS TO THE FIFTH CLAIM FOR RELIEF**

21. For an order entering judgment that Defendant has infringed Plaintiff's exclusive rights in the Birdcage Design trademark under Section 14245 and 14250 of the California Business and Professions Code;

22. For an order preliminarily and permanently enjoining Defendant, its agents and representatives, and all persons acting in concert or participation with them, from using the Defendant's Design, and/or any substantially indistinguishable or confusingly similar design or other colorable imitation of Plaintiff's Birdcage Design trademark, in connection with the manufacture, distribution or sale of bellmans' carts or other related equipment nationwide;

23. For compensatory damages exceeding $500,000, according to proof at trial and interest thereon; and

24. For punitive and exemplary damages in the form of trebled damages and reasonable attorneys' fees.

**AS TO THE SIXTH CLAIM FOR RELIEF**

25. For an order entering judgment that Defendant has intentionally interfered with Plaintiff's existing and prospective business relations under the common law;

26. For compensatory damages exceeding $500,000, according to proof at trial and interest thereon; and

27. For punitive and exemplary damages.

**AS TO THE SEVENTH CLAIM FOR RELIEF**

28. For an order entering judgment that Defendant has infringed Plaintiff's exclusive rights in the Birdcage Design trademark under the common law;

29. For an order preliminarily and permanently enjoining Defendant, its agents and representatives, and all persons acting in concert or participation with

Lewis Roca ROTHGERBER CHRISTIE
655 North Central Avenue
Suite 2300
Glendale, California 91203-1445

them, from using the Defendant's Design, and/or any substantially indistinguishable or confusingly similar design or other colorable imitation of Plaintiff's Birdcage Design trademark, in connection with the manufacture, distribution or sale of bellmans' carts or other related equipment nationwide;

30. For compensatory damages exceeding $500,000, according to proof at trial and interest thereon; and

31. For punitive and exemplary damages.

**AS TO ALL CLAIMS FOR RELIEF**

32. For costs of suit incurred herein; and

33. For such other and further relief as this Court deems just and proper; and

34. Plaintiff demands a jury trial.

DATED: September 9, 2016

Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By /s/ Michael A. Koplow
Michael A. Koplow

Attorneys for Plaintiff,
THE WINSFORD CORPORATION

655 North Central Avenue
Suite 2300
Glendale, California 91203-1445

Lewis Roca ROTHGERBER CHRISTIE

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff The Winsford Corporation hereby demands a trial by jury of all issues so triable.

DATED: September 9, 2016

Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By /s/ Michael A. Koplow
Michael A. Koplow

Attorneys for Plaintiff,
THE WINSFORD CORPORATION

GHK PAS1438747.2-*-09/9/16 3:18 PM