UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE WINSFORD CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN TEX-CHEM CORPORATION, d/b/a AMTEX,<br><br>Defendant. | CASE NO. 5:16-cv-01938 JGB (SPx)<br><br>Hon. Jesus G. Bernal<br><br>**PROTECTIVE ORDER**<br><br>**DISCOVERY MATTER: Referred to Magistrate Judge Sheri Pym**<br><br>**[NOTE CHANGES MADE BY THE COURT IN SECTION 1.C.]** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Local Rule 79-5 and Judge Pyms' procedures available at http://www.cacd.uscourts.gov/honorable-sheri-pym, the Court hereby enters the following Protective Order:

1.  A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure

1

and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiff The Winsford Corporation has petitioned the Court to enter the following Protective Order. Plaintiff acknowledges that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

### B. GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists, supplier information and other valuable research, development, commercial, financial, or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to (i) expedite the flow of information, (ii) facilitate the prompt resolution of disputes over confidentiality of discovery materials, (iii) adequately protect information the parties are entitled to keep confidential, (iv) ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, (v) address their handling at the end of the litigation, and (vi) serve the ends of justice, a protective order for such information is justified in this matter. Information shall not be designated as confidential under this order for tactical reasons and nothing shall be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and that there is good cause why it should not be part of the public record of this case.

## C. PROCEDURE FOR FILING UNDER SEAL

As set forth in Section 12.3, below, this Protective Order does not entitle any party to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in

its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2. DEFINITIONS

    2.1 Action: The above-captioned federal lawsuit.

    2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

    2.4 "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items: Extremely sensitive "CONFIDENTIAL" Information or Items, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means including but not limited to, (i) non-public technical information (e.g. schematic drawings, manufacturing and engineering drawings, engineering notebooks, specifications, research notes and materials, technical reference materials, and other non-public technical descriptions or depictions of luggage carts); (ii) non-public financial information; (iii) customer lists; (iv) business and/or marketing plans; (v) price lists and/or pricing information not disclosed to the general public; (vi) license agreements; (vii) information obtained from a Non-Party NDA pursuant to a current Non-Disclosure Agreement ("NDA").

    2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY."

2.6    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

2.7    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party:  any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.10   Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, including support staff.

2.11   Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY."

2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their House Counsel or Outside Counsel of Record that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

    5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

    5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.,* second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    Designation in conformity with this Order requires:

    (a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or the legend "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY"[1] to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL", or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party, prior to the termination of the deposition, either (i) identify on the record all protected testimony and the level of protection being asserted, or (ii) state on the record that it will provide its designations, if any, in writing within 21 court days following the termination of the deposition, in which case the Parties shall treat the entirety of the deposition testimony as though it were designated CONFIDENTIAL – ATTORNEYS' EYES ONLY. In the event the Designating Party fails to notify the other Parties of its designations in writing within the 21-day period, the deposition

---

[1] The use of similar legends such as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – COUNSELS' EYES ONLY" shall have the same force and effect as the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

shall be accorded the level of protection asserted by other Designating Parties, if any.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

6.4 No party shall be obligated to challenge the propriety of any designation, and the failure to do so shall not preclude a subsequent challenge to the propriety of any such designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for purposes of this Action;

(b) no more than three officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for purposes of this Action, provided, however, that the Receiving Party shall disclose to the Producing Party the identities of any such individuals in advance of any such disclosure to them;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for purposes of this Action and who have signed the "Acknowledgment and Agreement to Be Bound" at as Exhibit A (the "Acknowledgement");

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the Acknowledgment;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the Acknowledgment; and (2) they will not be permitted to keep any confidential information unless they sign the Acknowledgment, unless otherwise agreed by the Designating Party or ordered by the Court.  To the extent practicable, pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material shall be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for purposes of this Action;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for purposes of this Action and who have signed the Acknowledgment;

(c) the Court and its personnel;

(d) court reporters and their staff;

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the Acknowledgment;

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as

1 authorizing or encouraging a Receiving Party in this Action to disobey a lawful
2 directive from another court or any governmental agency.

3 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
4 PRODUCED IN THIS LITIGATION

5 The terms of this Order are applicable to information produced by a Non-Party
6 in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL
7 – ATTORNEY'S EYES ONLY." Such information produced by Non-Parties in
8 connection with this litigation is protected by the remedies and relief provided by this
9 Order. Nothing in these provisions should be construed as prohibiting a Non-Party
10 from seeking additional protections.

11 In the event a Party is required, by a valid discovery request, to produce a
12 Non-Party's confidential information in its possession, and the Party is subject to an
13 agreement with the Non-Party not to produce the Non-Party's confidential
14 information, then the Party shall:

15 (a) promptly notify in writing the Requesting Party and the Non-Party that
16 some or all of the information requested is subject to a confidentiality agreement
17 with a Non-Party;

18 (b) promptly provide the Non-Party with a copy of this Protective Order, the
19 relevant discovery request(s), and a reasonably specific description of the
20 information requested; and

21 (c) make the information requested available for inspection by the Non-Party,
22 if requested.

23 If the Non-Party fails to seek a protective order from this court within 14 days
24 of receiving the notice and accompanying information, the Receiving Party may
25 produce the Non-Party's confidential information responsive to the discovery
26 request. If the Non-Party timely seeks a protective order, the Receiving Party shall
27 not produce any information in its possession, custody or control that is subject to
28 the confidentiality agreement with the Non-Party before a determination by the

1  Court. Absent a court order to the contrary, the Non-Party shall bear the burden and
2  expense of seeking protection in this Court for its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Acknowledgment.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure ("Privileged Material"), or the Receiving Party discovers such inadvertent production, the inadvertent production shall not be deemed a waiver of the applicable privilege or protection. The Receiving Party shall immediately return all copies of such inadvertently produced Privileged Material to the Producing Party and shall not use such items for any purpose until further order of the Court. In all events, such return must occur within three (3) court days following receipt of notice or discovery of the inadvertent production. The return of any discovery item to the inadvertently Producing Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that the document or thing is not, or was never, privileged.

This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

-14-

1 parties reach an agreement on the effect of disclosure of a communication or
2 information covered by the attorney-client privilege or work product protection, the
3 parties may incorporate their agreement in a stipulated protective order submitted to
4 the Court.

5 12. MISCELLANEOUS

6 12.1 Right to Further Relief. Nothing in this Order abridges the right of any
7 person to seek its modification by the Court in the future.

8 12.2 Right to Assert Other Objections. By agreeing to the entry of this
9 Protective Order, no Party waives any right it otherwise would have to object to
10 disclosing or producing any information or item on any ground not addressed in this
11 Protective Order. Similarly, no Party waives any right to object on any ground to use
12 in evidence of any of the material covered by this Protective Order.

13 12.3 Filing Protected Material. A Party that seeks to file under seal any
14 Protected Material must comply with Local Civil Rule 79-5 and meet the standards
15 specified in Section 1.C., above. Protected Material may only be filed under seal
16 pursuant to a court order authorizing the sealing of the specific Protected Material at
17 issue. If a Party's request to file Protected Material under seal is denied by the Court,
18 then the Receiving Party may file the information in the public record unless
19 otherwise instructed by the Court.

20 13. FINAL DISPOSITION

21 After the final disposition of this Action, as defined in Section 4, within 60 days
22 following receipt of a written request by the Designating Party, each Receiving Party
23 must, at its option, return all Protected Material to the Producing Party or destroy such
24 material. As used in this subdivision, "all Protected Material" includes all copies,
25 abstracts, compilations, summaries, and any other format reproducing or capturing
26 any of the Protected Material. Whether the Protected Material is returned or
27 destroyed, the Receiving Party must submit a written certification to the Producing
28 Party (and, if not the same person or entity, to the Designating Party) by the 60 day

1 deadline that (1) identifies (by category, where appropriate) all the Protected Material
2 that was returned or destroyed, and (2) affirms that the Receiving Party has not
3 retained any copies, abstracts, compilations, summaries or any other format
4 reproducing or capturing any of the Protected Material. Notwithstanding this
5 provision, counsel are entitled to retain an archival copy of all pleadings, motion
6 papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,
7 deposition and trial exhibits, expert reports, attorney work product, and consultant
8 and expert work product, even if such materials contain Protected Material. Any such
9 archival copies that contain or constitute Protected Material remain subject to this
10 Protective Order as set forth in Section 4 (DURATION).

14. <u>ATTORNEY ADVICE</u>

Nothing in this Protective Order bars or otherwise restricts an attorney from rendering advice to his or her client with respect to this Action or from relying upon or generally referring to CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY Disclosure or Discovery Material in rendering such advice; provided however, that in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content thereof if such disclosure is not otherwise permitted under this Order.

15. <u>PARTY'S OWN INFORMATION</u>

The restrictions on the use of Protected Material established by this Order are applicable only to Protected Material received by a Party from another Party or from a Non-Party. A Party is free to do whatever it desires with its own Protected Material.

//
//

**16. <u>VIOLATION</u>**

**Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.**

IT IS SO ORDERED.

DATED: February 6, 2017

_____
Hon. Sheri Pym
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *The Winsford Corporation v. American Tex-chem Corporation, d/b/a Amtex*. Case No. 5:16-cv-01938 JGB (SPx).

I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

GHK PAS1459772.1-*-01/24/17 8:53 AM